**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tuan Tran, ) | No. CV-08-2092-PHX-DGC |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Decision One Mortgage Company LLC, ) et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff commenced this action by filing a pro se complaint against Defendants on October 22, 2008. Dkt. ## 1-4, 1-5. Defendant Commonwealth Land Title Insurance Company has filed a motion to dismiss. Dkt. #8. Plaintiff has not responded to the motion and the time for doing so has passed. The Court will dismiss the complaint without prejudice, grant Plaintiff leave to file an amended complaint, and deny Defendant's motion for attorneys' fees.

**I.     Dismissal of the complaint.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v.*

1  *DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v.*
2  *Twombly*, 127 S. Ct. 1955, 1974 (2007)). The court may not assume that the plaintiff can
3  prove facts different from those alleged in the complaint. *See Associated Gen. Contractors*
4  *of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier*
5  *Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly,
6  legal conclusions couched as factual allegations are not given a presumption of truthfulness
7  and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat
8  a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

9        Plaintiff filed a twenty-five page complaint detailing allegations of wrongdoing
10 related to a mortgage transaction he entered into with some of the defendants. Dkt. ## 1-4,
11 1-5. Plaintiff sued a number of defendants, including the original lender, Decision One
12 Mortgage Company LLC, the successor lender, Deutsche Bank National Trust Company, the
13 loan servicer, HomeEq Servicing Corporation, the foreclosure trustee, Tiffany & Bosco, and
14 the title company, Commonwealth Land Title Insurance Company. Dkt. #1-4 at 2. Plaintiff
15 alleges claims of fraudulent misrepresentation, breach of fiduciary duty, civil RICO, unjust
16 enrichment, civil conspiracy, and violations of the Home Ownership Equity Protection Act,
17 the Real Estate Settlement Procedures Act, the Federal Truth in Lending Act, and the Fair
18 Credit Reporting Act. Dkt. #1-5 at 3-11.

19       Defendant Commonwealth Title filed this motion to dismiss pursuant to Rule 12(b)(6)
20 because, although Plaintiff has filed over twenty-five pages of allegations, Plaintiff has not
21 alleged that Defendant Commonwealth committed any wrongdoing. Dkt. #8 at 2. In fact,
22 Plaintiff does not specifically mention Defendant Commonwealth aside from naming it as
23 a Defendant. All allegations are either directed at other named defendants or directed
24 generally at "Defendants," even where the allegations could not possibly encompass all of
25 the defendants. Although the Court liberally construes all allegations in the light most
26 favorable to Plaintiff, here Plaintiff has failed to make any allegations against Defendant
27 Commonwealth. The Court will grant Defendant Commonwealth's motion to dismiss for
28 failure to state a claim pursuant to Rule 12(b)(6).

## II. Leave to amend the complaint.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In this case, Plaintiff can cure the deficiencies by specifically alleging wrongdoing on the part of Defendant Commonwealth Land Title Insurance Company. Dismissal with prejudice would be unduly harsh at this stage of the litigation where Plaintiff may be able to state a viable claim against Defendant. *See Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056-57 (outlining five factors to consider in determining when dismissal with prejudice is just). The Court will dismiss the complaint without prejudice. Plaintiff shall have until **Friday, January 16, 2009** to file an amended complaint.

## III. Plaintiff's obligations.

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "shall be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The forms contained in the Appendix to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional statements and sample complaints on various causes of action – "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.

Plaintiff is advised that general allegations against "Defendants" are insufficient to satisfy even the liberal notice pleading requirements of Rule 8. The amended complaint must

give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they are based. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for the claims and the specific legal theory supporting each claim. *See id.*; Fed. R. Civ. P. 8(a)(2). The amended complaint must also specify which claims are being asserted against which defendants and the relief Plaintiff seeks. *See* Fed. R. Civ. P. 8(a) (2)-(3).

Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

**IV.   Defendant's motion for attorneys' fees.**

Defendant's request for attorneys' fees is premature. The Court has granted Plaintiff leave to file an amended complaint. Defendant may seek attorneys' fees pursuant to Federal Rule of Civil Procedure 54 or Local Rule 54.2 after the entry of final judgment.

**IT IS ORDERED:**

1. Plaintiff's claims against Defendant Commonwealth (Dkt. ## 1-4, 1-5) are **dismissed** without prejudice pursuant to Rule 12(b)(6) for failure to state a claim.
2. Plaintiff has until **January 16, 2009** to file an amended complaint.
3. Defendant's motion for attorneys' fees is **denied**.

DATED this 18th day of December, 2008.

_____
David G. Campbell
United States District Judge

- 4 -